IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

vs.                                        CRIMINAL NO. 3:18-CR-143-HTW-FKB-1

ADAN REYES-MARTINEZ

---

ORDER

---

BEFORE THE COURT are two separate *pro se* motions/document requests filed by Defendant Adan Reyes-Martinez . In his first motion **[Doc. 42]**, filed on December 12, 2019, the Defendant requests a free copy of his plea agreement and "transcript" to assist him in preparing a post-conviction motion for relief from his sentence .

In his second motion **[Doc. 45]**, filed on December 29, 2021, the Defendant requests copies of his "courts transcripts," his "sentencing guidelines," a "motion of discovery," and the "reform act and codes" utilized by the Court during his sentencing .

No response has been filed by the Government to either request. Because both motions seek identical or substantially similar relief—namely, the production of free court documents and transcripts for post-conviction purposes—the Court addresses them jointly. After due consideration of the record and relevant legal authorities, the Court finds as follows:

A federal prisoner does not possess an absolute, unconditional right to receive free copies of court documents or transcripts to explore potential collateral attacks on a conviction or sentence. The United States, instead, under 28 U.S.C. § 753(f)[1], is required to pay transcript fees for

---

[1] **28 U.S.C. § 753(f)** provides, in relevant part: "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented."

individuals permitted to sue or appeal *in forma pauperis* only if the trial judge certifies that the action is not frivolous and that the transcript is necessary to decide the issues presented.

To expand: the United States Court of Appeals for the Fifth Circuit consistently has held that a federal prisoner is not entitled to free transcripts or court records for the purpose of searching the record for random, unspecified errors, or for the general preparation of a collateral attack. *See United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993) (holding that a defendant is not entitled to free transcripts when he fails to show a particularized need).

This means that a motion for post-conviction relief must first be actively pending before the Court, and, significantly, the petitioner must demonstrate a specific, particularized, and non-frivolous need for the requested materials. *See United States v. MacCollom*, 426 U.S. 317, 324–26 (1976); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) (per curiam) (holding that a federal prisoner is not entitled to free copies of court records for the purpose of preparing a motion under 28 U.S.C. § 2255[2]).

In the present matter, the Defendant explicitly indicates that he requires these materials to prepare a future post-conviction motion . Because there is no active motion under 28 U.S.C. § 2255 currently pending before this Court, and because the Defendant has not established a particularized, non-frivolous need for free copies or transcripts, his requests must be denied. *Carvajal*, 989 F.2d at 170.

To the extent the Defendant seeks copies of general legal authorities, such as "codes" or the "reform act" , the Court cannot act as legal counsel or provide general legal research materials to litigants.

---

[2] **28 U.S.C. § 2255** governs motions filed by federal prisoners seeking to vacate, set aside, or correct a sentence on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction, or that the sentence is otherwise subject to collateral attack.

The Clerk of Court is, however, directed to provide the Defendant with a copy of the electronic court docket sheet in this matter, free of charge, to assist him in identifying the specific documents or portions of the record he may wish to reference. If the Defendant desires copies of specific filings (such as his plea agreement or indictment), he may request them directly from the Clerk of Court by paying the standard statutory per-page copying fees.

**IT IS, THEREFORE, ORDERED** that the Defendant's document requests **[Doc. 42]** and **[Doc. 45]** are hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this  Order and a copy of the current electronic court docket sheet to the Defendant at his last known address of record.

**SO ORDERED this the  26th  day of            May         , 2026.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**